UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| AARON M. VANCE | CIVIL ACTION NO. 10-396-P |
| VERSUS | JUDGE HICKS |
| LARRY DEAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Aaron M. Vance ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this Court on March 5, 2010.  Plaintiff is currently incarcerated at the Bossier Parish Medium Security Facility in Plain Dealing, Louisiana, and claims his civil rights were violated by prison officials.  He names Larry Dean, Cpt. Stokes, Lt. Grey, Cpt. Harris, Lt. Boyer, Lt. Housworth, Richard Stalder and Cpt. Jacobs as defendants.

Plaintiff claims that upon his incarceration at the Bossier Parish Security Facility, he attempted to retain private counsel for his pending criminal case in the Louisiana Twenty-Sixth Judicial District Court.  He claims he was charged with felony aggravated second degree battery.  Plaintiff admits he was represented by public defender Walter Gerhardt during his criminal trial proceedings.  He claims Cpt. Harris informed him that he was not

allowed to retain private counsel. He claims he was lost through out his criminal trial proceedings. Plaintiff claims his appointed counsel provided him with ineffective assistance of counsel and caused him to lose his right to appeal his conviction.

Plaintiff claims that while working on his post-conviction relief application in the same case, he made several requests for legal help and access to the law library. He claims his requests were denied. Plaintiff claims his application for post-conviction relief was denied because he was denied legal assistance and enough time to adequately prepare his application for post-conviction relief.

As relief, Plaintiff seeks adequate law books and assistants at all facilities, review of the facilities once a year, to have Defendants reprimanded, to be transferred to a DOC facility, and monetary reimbursement.

For the following reasons, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the

courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to a retained counsel or legal materials and assistance. He admits he was represented by an attorney during his criminal trial proceedings. He also admits that he filed an application for post-conviction relief in the state court. Furthermore, Plaintiff's complaint in this Court reveals on its face

that he was able to clearly present his claims to this Court. Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of November 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE